FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEB 2 8 2001

*Robert M. March*
CLERK

**CLARA V. MAESTAS,**

    Plaintiff,

vs.                              Civ. No. 00-38 LH/DJS

**WILLIAM A. HALTER, Acting
Commissioner of Social Security,**[1]

    Defendant.

### MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[2]

1.    Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this

---

    [1]    Pursuant to Fed.R.Civ.P. 25, William A. Halter, Acting Commissioner of Social Security is substituted for Kenneth S. Apfel, Commissioner, as the Defendant in this action. Mr. Halter was nominated by President Bill Clinton on October 1, 1999, and confirmed by the United States Senate on November 10, 1999. He was the first confirmed Deputy Commissioner of Social Security.

    [2]    Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1



matter for a rehearing. The Court will review the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. <u>Williams v. Bowen</u>, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2.   Plaintiff applied for Social Security Disability Insurance benefits on June 5, 1996 and for Supplemental Security Income benefits on April 4, 1996 alleging a disability which commenced on June 1, 1996. Tr. 110, 120 and 183. The Administrative Law Judge (ALJ) found that Plaintiff was not disabled. Tr. 23. The Appeals Council denied Plaintiff's request for review. Tr. 4-5. The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

3.   Plaintiff alleges a disability due to arthritis, varicose veins, fatigue, pain and stress. Tr. 110, 120 and 183. Plaintiff was born on October 7, 1944 and was 53 years old on the date of the ALJ's decision. Tr. 110. She has a high school education and previously worked as a maid and telemarketer. Tr. 23.

**Issues**

4.   Plaintiff alleges the ALJ made three errors. Specifically Plaintiff claims that: (1) the ALJ's finding that Plaintiff can work in spite of her nonexertional impairments is not

supported by substantial evidence and is contrary to law; (2) the ALJ ignored evidence in the record that was favorable to Plaintiff; and (3) the ALJ failed to discuss the vocational expert's testimony regarding this evidence.

**The Standard of Review**

5. The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence. Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Id. It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld. However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied. Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6. The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes her from returning to her past work. Once that showing is made, the burden shifts to the Commissioner to show: (1) that the Plaintiff, considering her age,

education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

7. To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §404.1520. At the first three levels of the sequential evaluation process, the claimant must show: (1) that she is not engaged in substantial gainful employment; (2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant cannot show that she has met or equaled a listing, she must show at step four that she is unable to perform work she had done in the past. At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering her age, education, and prior work experience. If a determination of disabled or not disabled is found at any step, further inquiry is not required. 20 C.F.R. §404.1520.

8.  Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

9.  Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the

ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10.  Plaintiff failed to carry her burden in establishing that she has a disabling impairment. To qualify for benefits Plaintiff must demonstrate, in accordance with the relevant portion of Section 223(d) of the Act, 42 U.S.C. §423(d), that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for at least 12 months. 42 U.S.C. §416(1)(10). The Act defines a physical or mental impairment as one "that results from anatomical, physiological or psychological abnormalities which are demonstrated by medically acceptable clinical or laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Commissioners' regulations require claimants to support their allegations through medically acceptable clinical and diagnostic techniques. 20 C.F.R. §404.1513.

11.  The record shows that Plaintiff has not seen a physician for her alleged disabilities. She testified that she has been to a doctor in 8 or 9 years. Tr. 64. As Plaintiff has not sought any medical treatment during the relevant time period, the only medical evidence in the record are the consultative and reviewing physicians' reports. These reports clearly demonstrate that Plaintiff is not unable to work.

12.  Plaintiff's arguments center around a statement made by Carlos Balcazar, M.D., a psychiatrist that she may have trouble working with others. Dr. Balcazar evaluated the Plaintiff on July 16, 1996 and on June 11, 1997. Dr. Balcazar performed a mental status exam and found that Plaintiff's mood "was tinted by anxiety." Tr. 167. Plaintiff had a normal attention span and capacity to concentrate, appropriate emotional reaction and normal memory. Dr. Balcazar diagnosed Plaintiff with generalized anxiety, intermittent alcohol abuse and atypical personality disorder with dependent and histrionic features. Id. He concluded that the Plaintiff could plan a simple work sequence, use tools and materials for simple jobs, and could perform one or two step repetitive tasks at a competitive rate. He also found that it "is possible that she could have some difficulty in her interaction with coworkers and supervisory personnel." Tr. 168. In a subsequent evaluation, Dr. Balcazar made similar findings. Tr. 181. He further noted that the Plaintiff was working as a maid at

7

the time. Id.

13. Plaintiff argues that the ALJ did not consider the statement that Plaintiff may have some difficulty in working with people. This is incorrect. The ALJ specifically considered and noted this statement in his decision. Tr. Tr. 21. It is also clear from the ALJ's decision that he thoroughly considered the entire report of Dr. Balcazar and that this statement is not the basis for a finding of disability. Nor is this evidence faborable to the Plaintiff. In his report Dr. Balcazar states the following:

> She complains about being discriminated against because she is Hispanic and for that reason she cannot get a good job. Tr. 166. She quit that job [maid] because she thought they were asking her to do more work than what she was supposed to do. Tr. 167. She says she could go back to work but she is tired of doing cleaning work. Id. She describes herself as being irritable and having difficulty getting along with people. Tr. 180.

14. Further, the ALJ's decision is consistent with the findings of the agency physician who reviewed Plaintiff's records and completed a Psychiatric Review Technique (PRT) form. Tr. 134-42. The physician found that Plaintiff's mental impairment was not severe. Based on review of the records the physician found that Plaintiff had only "slight" restrictions in her activities of daily living and maintaining social functioning; she "seldom" had deficiencies of concentration, persistence, or pace; and "never" had episodes of deterioration or decompensation in work or work-like settings." Tr. 141. The ALJ completed the PRT form and

8

listed findings consistent with the Agency physician's opinion. Tr. 24-27.

15.  The Plaintiff also argues that the ALJ did not consider the vocational expert's testimony on this issue. Plaintiff's counsel questioned the vocational expert about Dr. Balcazar's statements that she may have difficulty interacting with co-workers and supervisor. Plaintiff's counsel posed a hypothetical question to the vocational expert. The vocational expert stated that if this difficulty rose to an unsatisfactory level it would "significantly erode" the person's ability to do any past work. Tr. 81. The ALJ does not have to rely on any testimony that includes alleged limitations that he does not accept as true. See Roberts v. Hecker, 783 F.2d 110, 112 (8th Cir. 1985). The hypothetical posited was clearly different from the finding by Dr. Balcazar. Thus, the ALJ did not err. Further, the fact that she may have trouble in this area comes solely from her statements to Dr. Balcazar, a consulting physician.[3] It is clear ALJ considered all possible disabilities however discounted their significance when there was a lack of objective corroborative evidence. This is the ALJ's prerogative. Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 777 (10th Cir. 1990).

---

[3]  It is important to note that in the ALJ's analysis he found that Plaintiff's exaggerated her symptoms and limitations and hence found her testimony not credible to establish such symptoms or limits to the extent alleged. Tr. 21. Plaintiff did not argue that the ALJ erred in this finding.

16. Plaintiff also argues that the ALJ erred in disregarding the vocational expert's answers regarding the impact of a sixth grade reading level and a third grade mathematics level would have on Plaintiff's ability to work. These grade level equivalences do not preclude Plaintiff from returning to work as a maid. Tr. 79-80. She continued to work as a maid and sought employment as a maid. Tr. 58-62, 148, 149, 181. A person who can return to any past relevant job is not disabled with meaning of the Act. 20 C.F.R. Secs. 404.1520(e), 416.920(e). Thus, Plaintiff's argument fails.

17. Further, Plaintiff failed in proving that she was disabled on her alleged onset date. 20 C.F.R. Secs. 404.1512(c), 416.912(c). When the ALJ questioned her, she testified that June 1 was "just a date." Tr. 3. She further testified that she had "no reason" for picking that date. Id.

18. Plaintiff's own testimony belies her allegations of disability. She has not sought medical care for her alleged mental impairment in at last the last ten years. She does not take any prescription medication. She has described herself as "very busy" and always looking for work. Tr. 40, 41, 45, 47 and 62. She claims the reason she cannot find work is because she is Hispanic. Tr. 166. She testified that she left her job as a hotel manager because she was "working with real bad people" and "wanted to come back home." Tr. 54. She told Dr. Balcazar that she stopped working because her employers were giving her more work than she

was supposed to do and she tired of doing cleaning work.  Tr. 167 and 180.

### Recommended Disposition

For these reasons, I recommend that Plaintiff's Motion to Remand be denied.

_____
Don J. Svet
**UNITED STATES MAGISTRATE JUDGE**